COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __BONILLA__   __STEVEN__   __W__
         (Last)        (First)       (Middle Initial)

Prisoner Number: __J-48500__

Institutional Address: __San Quentin, CA 94964__

**FILED**
JUN 29 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Steven Wayne Bonilla__
(Enter your full name.)

vs.

__Vince Chhabria, Howard R. Lloyd,__
__Jeffrey S. White,__

(Enter the full name(s) of the defendant(s) in this action.)

Case No. __CV 17 3718 VC (PR)__
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __San Quentin State Prison__

B. Is there a grievance procedure in this institution?   YES ☐   NO ☒

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☐   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: _____

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: _____

3. Second formal level: _____

4. Third formal level: _____

E. Is the last level to which you appealed the highest level of appeal available to you?
   YES ☐   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Steven Wayne Bonilla, P.O. Box J-48500, San Quentin, CA 94964

B. For each defendant, provide full name, official position and place of employment.
U.S. District Court Judges; Vince Chhabria, Howard R. Lloyd, Jeffrey S. White, 450 Golden Gate Avenue, San Francisco, CA 94102

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

A court has no authority when it lacks jurisdiction. With there being no subpoena for the Petitioner's telephone records for [408-446-3850] from which all of the evidence in the case is the fruit thereof, the court's rulings are simply nullities. They have no legal force or effect which makes the court's judges invalid rulings aiding and abetting the Alameda County Superior Court's conspiracy to murder the Petitioner. Thus, the respondent is a member of the conspiracy and liable for its damages. Since Alameda County Superior Court has refused and failed to prove jurisdiction was acquired to render judgment, the court presented with the petition, as matter of law, was required to hear and resolve the issue of jurisdiction. (see attached pages)

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

With there being no subject matter jurisdiction the Petitioner is entitled to his immediate release

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: June 25, 2017          Steven Wayne Bonilla
             *Date*                   *Signature of Plaintiff*

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

## Section I

The writ of prohibition arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. (Cal. Code Civil Procedure, § 1102).

## Section II

A court has jurisdiction to determine its own jurisdiction in the first instance; and if it is to be challenged, it must be challenged first in that court. (207 Cal. App. 2d 676). There is no discretion to ignore lack of jurisdiction. (474 F.2d 215). The burden shifts to the court to prove jurisdiction. (469 F.2d 416). Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. (102 F.2d 188; 37 F. Supp. 150). The law provides that once jurisdiction has been challenged, it must be proven. (100 S.Ct. 2502; 94 Cal.2d 751). Jurisdiction can be challenged at any time. (485 F.2d 906, 910), even on appeal, (478 So.2d 368). The Alameda County Superior Court has failed and has refused to prove jurisdiction of person, nor subject matter jurisdiction ever existed. Pursuant to Rule 4.551(d) of Cal. Civil Procedure, and Rule 8 of Fed. Civil Procedure, a denial must fairly respond to the substance of the allegation. An allegation is admitted if a responsive pleading is required. Therefore, Alameda County Superior Court has admitted to its lack of jurisdiction. A court lacks authority without jurisdiction to render judgment. Thus, its judgment in case No. H-12210-A is null and void.

## Section III

void order or judgment is subject to collateral attack at any time and in any place by any interested party. (148 Cal.App.2d 845). When judgment is attacked collaterally, jurisdiction of court must be determined by judgment roll (record) ALONE. (33 CAL. 505). Judgment or order is determined to be void upon its face when it is shown to be void by inspection of judgment roll (record). (1 Cal.2d 749). A judgment or order which is void on its face, and which requires only an inspection of the judgment roll or record to show its invalidity, [MAY BE SET ON MOTION] [AT ANY TIME]. (273 Cal.App.2d 176). A judgment absolutely void upon its face may be attacked, directly or collaterally, whenever it presents itself, either by parties or strangers; [it is simply a nullity], and can be neither the basis nor evidence of any right whatever. (273 Cal.App.2d 176). Where judgment is directly attacked on ground that it has been procured by fraud, principle of res judicata is inapplicable. (47 Cal.App.2d 207).

## Section IV

The Petitioner [SET ON MOTION] a writ of prohibition by having shown on the face of the record the invalidity of the judgment. The foundational fact for all of the evidence in the case was never proven to exist on or off the record under a federal court order, (Case No. C-02-0636 MHP). The Petitioner's telephone records for [408-446-3850] was never proven to have been obtained pursuant to a federal grand jury subpoena served on Pacific Bell Telephone Company. Thus, pursuant to Rule 403 of the Cal. Evidence Code, [NONE] of the evidence is

Page 3

admissible. When there is no facts in evidence, there is no subject matter. If there is no subject matter there is no subject matter jurisdiction nor jurisdiction of person (Bonilla). Which means no court can have any jurisdiction of subject matter nor of person (Bonilla) because no court can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued. (21 Howard 506). But all courts have general jurisdiction to correct the miscarriage justice. And the California Constitution, Article VI, §10, grants original jurisdiction in habeas corpus matters to superior courts, and their judges.

Section V

One who has been prevented by extrinsic factors from presenting his case to the court may bring either an [INDEPENDENT ACTION] in equity to secure relief from judgment entered against him, or seek the same by motion in the court rendering the judgment. (246 Cal. App.2d 334). The Petitioner was given a fabricated, forged federal grand jury subpoena for his telephone records to fraudulently conceal the fact that they were obtained in an illegal search and seizure. The Petitioner has multiple times challenged the rendering court's lack of jurisdiction and that the judgment is void on its face to no avail. Alameda County Superior Court simply refused and has failed to prove the subpoena to exist on or off the record. The judge simply ignores the court's lack of jurisdiction with one excuse after another. Therefore, Alameda County Superior Court was given the

Page 4

opportunity to determine its own jurisdiction in the first instance but has failed or refused to do so, which now falls on any court it presents itself in an [INDEPENDENT ACTION] in equity to secure relief from judgment.

### Section VI

A court cannot transfer a suit to a court where a personal jurisdiction does not exist over the Petitioner originally, (759 F. 2d 809). Wherefore, before the court being presented with such action, must first prove that the rendering court acquired jurisdiction by simply following its statutory duty to issue an order to show cause (Cal. Penal Code § 1476), and have the respondent show on the face of the record that the subpoena was proven to exist even though they could not do it under a previous federal court order. It also cannot be transferred pursuant to Rule 4.552. Because the petition does not challenge the terms of the void judgment nor ... conditions of confinement. It is the jurisdiction to render judgment that has been challenged. Therefore, pursuant to Rule 4.552(a) of the Cal. Code Civil Procedure, the petition [MUST be heard and resolved in the court it is filed] or sent to in cases where the court refuses to file it.

### Section VII

Judgment, whether of superior or inferior court, may be collaterally attacked for lack of jurisdiction either of subject matter or of person, or both, judgment being void if want of jurisdiction in either respect appears, (107 Cal. App. 288). Wherefore, the court being presented with a collateral attack has a duty to hear and resolve the

Page 5

the question of the court lacking jurisdiction.

The equitable powers of the court can never be exercised in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage. To aid a party in such a case would make the court (judge) the abettor of iniquity. (290 US 240).

When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statute, (Penal Code § 1476; 1485), expressly deprives him of jurisdiction, and judicial immunity is lost. The responding court/judge has been notified of the above laws repeatedly, but have chosen, by their response (See Exhibit ), or their failure or refusal to respond, to aid the Alameda County Superior Court in their conspiracy to deny the Petitioner of his guaranteed constitutional Right to due process and equal protection of the law.

## Relief Sought

The respondent/court/judge has a duty owed to the Petitioner to prove jurisdiction was acquired by showing on the face of the record that the subpoena was proven to exist or the Petitioner (Bonilla) is entitled to his immediate release. (356 F. 2d 654; Cal. Penal Code § 1485; Fed Civil Procedure, Rule 60 (3), (4)).

## Verification

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746 on June 25, 2017

Respectfully Submitted
Steven Wayne Bonilla

Page 6

Steven Bonilla
P.O. Box J-48500
San Quentin, CA 94964

U.S. POSTAGE PITNEY BOWES
ZIP 94964 $ 007.20
02 1W
0001397520 JUN 26 2017

CONFIDENTIAL
LEGAL MAIL

United States District Court — San Francisco
450 Golden Gate Avenue
San Francisco, CA 94102

RECEIVED
JUN 27 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


